UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANGELA BRENT,

                Plaintiff,              **MEMORANDUM**
                                                    **DECISION AND ORDER**
        -against-                 17–CV–7289 (AMD)

NANCY A. BERRYHILL ACTING
COMMISIONER OF SOCIAL SECURITY,

                Defendant.
----------------------------------------------------------------X

ANN M. DONNELLY, United States District Judge:

The plaintiff seeks review of the Commissioner of Social Security's decision denying her application for disability insurance benefits under Title II of the Social Security Act. The plaintiff was in a car accident that caused back and neck injuries in the summer of 2013, and on June 27, 2014, applied for disability benefits. (Tr. 24.) After the plaintiff's application was denied, Administrative Law Judge ("ALJ") Laureen Penn conducted a hearing, and on January 11, 2017, decided that while the plaintiff had severe impairments—cervical and lumbar disc herniation, displacement, and radiculopathy, fibromytosis, obesity, and depression—she was not disabled. (Tr. 26–34.) The ALJ determined that the plaintiff's impairments did not meet or medically equal one of the impairments listed in the Social Security regulations, and that she had the residual functioning capacity ("RFC") to perform work as long as she did not stand or walk for more than two hours, sit for more than six hours, or stoop, crouch, kneel, or crawl more than occasionally. (Tr. 29.) The plaintiff was also limited to "simple, routine, and repetitive work," and could not "perform tasks involving teamwork or direct customer service." (*Id.*) Although, the plaintiff could not return to her job as a residential aide or security guard, she could perform other jobs in the national economy. (Tr. 33.)

1

The plaintiff sought review of the hearing decision from the Appeals Council, which denied the appeal on November 16, 2017. (Tr. 1–6.) The plaintiff commenced this action (ECF No. 1), and both parties moved for judgment on the pleadings. (ECF Nos. 9, 11.) For the following reasons, the plaintiff's motion for judgment on the pleadings is granted, the Commissioner's cross–motion is denied, and the case is remanded for further proceedings.

## DISCUSSION

A district court reviewing a final decision of the Commissioner must determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) (citation omitted). If there is substantial evidence to support the Commissioner's factual findings, they are conclusive and must be upheld. 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). When the Commissioner's determination is supported by substantial evidence, the decision must be upheld, "even if there also is substantial evidence for the [p]laintiff's position." *Cerqueira v. Colvin*, No. 14–CV–1134, 2015 WL 4656626, at *11 (E.D.N.Y. Aug. 5, 2015) (citations omitted).

On appeal, the plaintiff argues that the ALJ erred when she accorded the opinion of the plaintiff's treating physician, Dr. Jacqueline Storey, some weight rather than controlling weight. (ECF No. 9-1.) Dr. Storey was of the view that the treatment the plaintiff received following her surgery resulted in "minimal improvement," and that she would have difficulty sitting or standing for more than thirty minutes and that she could lift ten pounds only occasionally. (Tr. 300–01.) The ALJ decided that Dr. Storey's conclusions were entitled only to some weight, because in the ALJ's view, the doctor did not provide "much rationale," and because she did not

generate regular treatment notes. (Tr. 32.) For the following reasons, I remand the case so that the ALJ may reconsider Dr. Storey's opinion.

Under the "treating physician rule," an ALJ determining whether a claimant is disabled must give "more weight" to the opinion of a claimant's treating physician. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Specifically, an ALJ must give controlling weight to a treating physician's medical opinion about the nature and severity of a claimant's impairments if the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." *Id.* When the ALJ does not give a treating physician's opinion controlling weight, she must "comprehensively set forth [her] reasons for the weight assigned to a treating physician's opinion." *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (internal citations omitted). In determining whether a treating source's opinion warrants controlling weight, the ALJ must consider: "(1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013). The failure to give "good reasons" for the weight assigned to a treating physician's opinion constitutes a ground for remand. *See* 20 C.F.R. § 404.1527(c)(2); *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physicians opinion.").

Dr. Storey first examined the plaintiff in August 2013, shortly after the car accident, and has examined her more than ten times since then.[1] (Tr. 311.) At the plaintiff's initial visit, Dr. Storey diagnosed the plaintiff with lower back and neck sprains and radiculitis, and prescribed

---

[1] Dr. Storey examined the plaintiff, and was supervised by other physicians in Dr. Storey's medical group. (*See, e.g.*, Tr. 324, 332.)

3

physical therapy four times a week. (Tr. 310–13.) After an examination on October 25, 2013, Dr. Storey reported that the plaintiff suffered from moderate lower back and neck pain, which was "aggravated by physical activity" and radiated to her right leg and right arm. (Tr. 314.) She also cited the plaintiff's neck and back MRI results, which showed "cervical c4-5 and c5-6 disc bulge[s]" and a "lumbar c4-5 disc herniation." (Tr. 330.) In December of 2013 and January of 2014, Dr. Storey reported that the plaintiff's condition had improved, but that she had "100% temporary impairment," and could not return to work. (Tr. 333–36.) Dr. Storey concluded after subsequent examinations that the plaintiff could not work. (*See* Tr. 340, 342, 344, 346, 348.)

In March of 2015, the plaintiff asked Dr. Storey for a medical source statement in connection with her application for social security benefits. Dr. Storey reported that the plaintiff pursued different treatments for her lower back radiculopathy, including physical therapy, epidurals, and pain medication, but that there was only "minimal improvement" in her condition. (Tr. 298.) The plaintiff had difficulty sitting and standing for more than a half hour, and could stand or walk for less than 2 hours and sit for less than 6 hours each workday. (Tr. 300–01.) The plaintiff's lower back pain made it hard for her to bend forward, and she could lift 10 pounds only occasionally. (*Id.*)

The ALJ did not think that Dr. Storey "provide[d] much rationale" for her views, (Tr. 32), but the record does not support that conclusion. (*See* ECF No. 9-1 at 13.) Dr. Storey examined the plaintiff more than ten times, and monitored the progress of her neck and lower back injuries from 2013 through 2015. Dr. Storey's reports detail her observations; she measured the plaintiff's pain level, and administered range of motion tests. (*See, e.g.,* Tr. 314, 337–38, 357.) In addition, Dr. Storey's medical source statement cited MRI results that showed a cervical disc bulge and lumbar disc herniation, which was the source of the plaintiff's neck and lower

4

back pain. (Tr. 299, 330, 332.) Dr. Storey's diagnoses were based on her examinations of the plaintiff, and the results of objective medical tests.

The ALJ also discounted Dr. Storey's opinions because she "did not provide her regular treatment notes." (Tr. 32.) According to the record, Dr. Storey submitted detailed treatment notes from the following examinations: August 20, 2013 (Tr. 310), September 26, 2013 (Tr. 315), October 25, 2013 (Tr. 328–30), December 5, 2013 (Tr. 331–34), and January 29, 2014 (Tr. 336–38). Dr. Storey also submitted progress reports that described her observations from March 19, 2014 (Tr. 339–40), April 22, 2014 (Tr. 341–42), July 8, 2014 (Tr. 343–44), August 26, 2014 (Tr. 345–46), October 17, 2014 (Tr. 347–48), and November 14, 2014 (Tr. 325–27) visits. The ALJ did not specify what additional materials the doctor should have provided. Under these circumstances, the case should be remanded so that the ALJ can reevaluate her decision, *see Halloran*, 362 F.3d at 33, or additional records, if notes are indeed missing, *see Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (The ALJ should "develop the record in light of the non-adversarial nature of the benefits proceedings, regardless of whether the claimant is represented by counsel." (internal citations omitted)). *See Craig v. Comm'r of Soc. Sec.*, 218 F. Supp. 3d 249, 267–68 (S.D.N.Y. 2016) ("a remand is appropriate here so that the ALJ may resolve any gaps in the administrative record").

The plaintiff also challenges the ALJ's finding that the plaintiff could maintain a regular work schedule; the plaintiff maintains that she has significant "psychiatric and cognitive problems." (ECF No. 9-1.) The ALJ gave Dr. Johanina McCormick's psychiatric opinion—that the plaintiff would have problems focusing and maintaining a regular work schedule—only some weight, the ALJ concluded that the plaintiff's mental impairments were not severe because she could do household chores. (Tr. 30–31.) On remand, the ALJ should reconsider her assessment

of Dr. McCormick's opinion and whether the plaintiff psychiatric ailments weigh in the favor of a disability finding.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion for judgment on the pleadings is granted, the Commissioner's cross–motion is denied, and the case is remanded for further proceedings consistent with this opinion. The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

                                                                     s/Ann M. Donnelly
                                                                     Ann M. Donnelly
                                                                     United States District Judge

Dated: Brooklyn, New York
       February 22, 2019